UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALEXANDRO (ALEX) KIRIGIN & LAUREN R. KIRIGIN, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, AND PROGRESSIVE MAX INSURANCE COMPANY,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL** |

Defendants Progressive Direct Insurance Company, Progressive Casualty Insurance Company, and Progressive Max Insurance Company (collectively, "Progressive") respectfully remove this action to this Court from the Superior Court of the State of Washington, County of King. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441(b)(1), 28 U.S.C. § 1446, and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members that seeks to recover more than $5 million. In support of this Notice of Removal, Progressive states as follows:

NOTICE OF REMOVAL - 1

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

**BACKGROUND**

1. Progressive Direct Insurance Company, Progressive Casualty Insurance Company, and Progressive Max Insurance Company (collectively "Progressive") are the named Defendants in the civil action filed in the Superior Court of the State of Washington, County of King, captioned: *Alexandro (Alex) Kirigin & Lauren R. Kirigin, individually and on behalf of others similarly situated v. Progressive Direct Insurance Company, Progressive Casualty Insurance Company, and Progressive Max Insurance Company*, Case #: 24-2-19197-6 SEA.

2. The Complaint was filed on August 23, 2024. *See* Exhibit A ("Compl.").

3. The Complaint was served on the Office of the Insurance Commissioner, Washington State, on August 30, 2024, pursuant to Wash. Rev. Code § 48.02.200. *See* Exhibit A.

4. Thirty days after August 30, 2024, is September 29, 2024, which is a Sunday, making the earliest possible removal deadline September 30, 2024. Fed. R. Civ. P. 6(a)(3)(A).

5. The Commissioner provided a copy of the Complaint to Defendants' statutory agent, CSC Corporation, on September 6, 2024. "Actual receipt" by an insurer of a complaint initially served upon the Commissioner constitutes begins the 30-day period within which to remove. *Reger v. Centruy Nat'l Ins. Co.*, No. 2:22-CV-1126-DWC, 2022 WL 16960530, at *2 (W.D. Wash. Nov. 16, 2022). Therefore, the deadline for removal of this action is October 6, 2024.

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a) because it is filed on September 27, 2024, which is within 30 days after service.

7. This action is being removed to this Court because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending, pursuant to 28 U.S.C. § 1441(a).

8. Progressive will give written notice of the filing of this Notice of Removal to all parties, as required by 28 U.S.C. § 1446(d), and will file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of the State of Washington, County of King, as further required by 28 U.S.C. § 1446(d).

9. A copy of all process, pleadings, and orders served upon Progressive are attached. *See* Exhibits A, B, and C.

10. Pursuant to LCR 101, within fourteen days, Progressive will file a complete copy of all other records and proceedings in the state court.

## BASIS FOR CAFA REMOVAL

11. Removal is proper under CAFA, 28 U.S.C. § 1332(d), 28 U.S.C. § 1441(a) and (b), 28 U.S.C. § 1446, and 28 U.S.C. § 1453.

12. Under CAFA, this Court has original jurisdiction over any asserted class action[1] that: (1) includes at least one class member whose citizenship is diverse from that of the defendant; (2) involves an aggregate amount in controversy of $5 million or more, exclusive of interest and costs; and (3) has at least 100 putative class members. *See* 28 U.S.C. § 1332(d), as amended by The Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4. Each requirement is satisfied here.

13. The crux of Plaintiffs' Complaint is that that Progressive wrongfully understated the total loss value of electric vehicles due to Progressive using advertised sale prices of comparable vehicles and those advertised prices included the Used Clean Vehicle Tax Credit, for which Plaintiffs allegedly did not qualify. (Compl. ¶ 2). Plaintiffs allege that the resultant reduction

---

[1] CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

in the sale price of comparable vehicles is an improper deduction under Washington law. (Compl. ¶ 2).

14. Both of Plaintiffs' class definitions include "All Progressive insureds with Washington policies issued in Washington State to cover an electric or plug-in hybrid vehicle, who received compensation for the total loss of their own vehicles under their first party coverages (Coverages Part III and IV) and who received a settlement offer from Progressive based on a total loss valuation reduced by the Used Clean Vehicle Credit." (Compl. ¶ 37).

15. The Used Clean Vehicle Credit took effect January 1, 2023. INFLATION REDUCTION ACT OF 2022, PL 117-169, August 16, 2022, 136 Stat 1818, Sec. 13402.

16. Plaintiffs allege that Progressive's settlement offer to Plaintiffs wrongfully included the reduction in sales price from the Used Clean Vehicle Credit incorporated into the advertised sale price of comparable vehicles. (Comp. ¶¶ 26-35). And Plaintiffs allege that their claim is typical of the putative class members because "[e]ach class member's damages . . . is the 'Used Clean Vehicle Credit' deduction amount in their settlement with Progressive." (Compl. ¶ 40).

17. Therefore, the putative class members are all Progressive individual insureds that received a total loss settlement for an electric or plug-in hybrid vehicle from January 1, 2023, to the present because the Used Clean Vehicle Credit only could have been included in advertised prices of vehicles in that time period.

**Minimal Diversity Exists**

18. Plaintiffs Alexandro Kirigin and Lauren Kirigin (collectively "Plaintiffs") are citizens of the State of Washington. (Compl. ¶ 5).

19. Defendants are all Ohio corporations, with thier principal place of business in Mayfield Village, Ohio.

20. Thus, CAFA's minimal diversity requirement is satisfied.

**There Are Over 100 Proposed Class Members**

21. 28 U.S.C. § 1332(d)(5) requires at least 100 proposed class members.

22. "Plaintiffs estimate that the proposed classes each number in the hundreds." (Compl ¶ 39).

23. Additionally, Progressive has conducted a preliminary review of its claims data and identify at least 600 total loss settlement claims involving an electric or plug-in hybrid vehicle under Washington insurance policies dated after January 1, 2023. Ex. D – Declaration of Brian Duchnak. It is reasonable to presume that a significant portion, if not all, of these claims are included in Plaintiffs' alleged class definitions.

24. This satisfies the 100 putative class member requirement of 28 U.S.C. § 1332(d)(5).

**The Class Claims Place More Than $5 Million In Controversy**

25. CAFA provides this court with original jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2).

26. "Section 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. By borrowing Rule 8(a)'s 'short and plain statement' standard, corroborative history indicates, Congress intended to clarify that courts should 'apply the same liberal rules [to removal allegations as] to other matters of pleading.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014) (quoting H.R.Rep. No. 100–889, p. 71.).

NOTICE OF REMOVAL - 5

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

27. Because "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court . . . a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

28. "In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (footnote omitted)). "The court may consider facts in the removal petition" and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir.1995)).

29. Here, Plaintiffs Complaint alleges at least $2,800 in damages based upon the minimum Used Clean Vehicle Credit included in the comparable vehicle prices Progressive used to determine the value of Plaintiffs' vehicle. (See Compl. ¶ 26). Plaintiffs' theory is that by using the advertised price of a comparable vehicle that included the $2,800 reduction for the Used Clean Vehicle Credit, Progressive underestimated the value of Plaintiffs' vehicle due to this allegedly "undisclosed 30% price deduction." (Compl. ¶ 29).

30. Plaintiffs' demand for relief seeks treble damages under Wash. Rev. Code §§ 19.86.090 and 48.30.015(2). (Compl. Relief Requested ¶ F.ii).

31. Therefore, the minimum damages sought by Plaintiffs are $8,400. This does not include Plaintiffs' demand for attorney fees or noneconomic damages under the Washington Insurance Fair Conduct Act (IFCA). *See Beasley v. GEICO Gen. Ins.*, 517 P.3d 500, 514 (Wash.

App. Div. 2 2022) (Wash. Rev. Code § 48.30.015(2) "actual damages" includes noneconomic damages, which can also be trebled under the IFCA).

32. Separately, Plaintiffs claim that each of the putative class members suffered a similar amount of damages. (Compl. ¶ 40).

33. To establish the total amount in controversy for the alleged class, it is reasonable to take Plaintiffs' "typical" damages and multiply it by the likely number of putative class members. *See e.g.*, *G.G. v. Valve Corp.*, No. C16-1941-JCC, 2017 WL 11605207 (W.D. Wash. Feb. 13, 2017) (CAFA amount met by conservative estimate that a class of just 371 individual is needed based on plaintiffs alleged individual damages.); *Norris v. People's Credit Co.*, No. 1:12-CV-3138, 2013 WL 544273 (N.D. Ohio Sept. 27, 2013) (multiplying plaintiff's "typical" individual damages by number of putative class members to determine the amount in controversy for the class allegations); *In re Blackbaud, Inc.*, No. 20-mn-02972, 2021 WL 1940581, at *5 (D.S.C. May 14, 2021) (same); *Alper v. Select Portfolio Servicing, Inc.*, No. 19-cv-10436, 2019 WL 3281129, at *3 (D. Mass. July 19, 2019) (same); *Argentine v. Bank of Am. Corp.*, No. 15-cv-957, 2015 WL 3793868, at *2 (M.D. Fla. June 18, 2015) (same).

34. Assuming a conservative minimum recovery is limited to just just $8,400 per putative class member, the minimum number of class members needed is 596 individuals.

35. Progressive's claims data indicates that since January 1, 2023, there have been at least 600 total loss claims settled involving electric or plug-in hybrid vehicles in the state of Washington. Ex. D – Declaration of Brian Duchnak. This exceeds the minimum 596 class members for CAFA.

36. Separately, Progressive's claims data shows that a substantial number of the putative class members could claim the maximum $4,000 Used Clean Vehicle Credit. 26 U.S.C. §

25E. The Used Clean Vehicle Credit is determined as the lesser amount of $4,000 or 30% of the sale price of the vehicle. *Id.* To get the maximum credit, the vehicle must be sold for more than $13,333. The Used Clean Vehicle Credit also caps qualified sales prices at $25,000. *Id*.

37. Progressive's claims data includes the amount that was paid for the total loss. Ex. D – Declaration of Brian Duchnak. Sorting the amount to include only values between $13,333 and $25,000 results in 226 individual claims. Ex. D – Declaration of Brian Duchnak. It is reasonable to conclude that these 226 claims could have included comparable vehicle prices using the maximum $4,000 credit. If the maximum $4,000 credit is trebled, pursuant to Plaintiffs' Complaint, then these 226 claims would each be approximately $12,000.

38. Thus, it is a conservative estimate to presume that the potential 600 claims are all limited in recovery to Plaintiffs' minimum $8,400 damages, since over a third of these 600 potential class members are more likely than not to claim a larger amount.

39. For a putative class of 600 individuals and a minimum per person recovery of $8,400, the minimum total amount in controversy is $5,040,000. Therefore, on the economic damages alone, it is more likely than not that the total amount in controversy exceeds the required $5,000,000 for CAFA. But this estimate excludes Plaintiffs' demands for attorney fees and potential noneconomic damages under the IFCA.

40. "[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). "A 25% recovery is the benchmark level for reasonable attorneys' fees in class action cases for purposes of determining the amount in controversy." *Carlson v. Swift Transp. Co. of Ariz., LLC*, No. 3:23-cv-05722-RJB,

2023 WL 6633858, at *4 (W.D. Wash. Oct. 12, 2023) (citing *Garibay v. Archstone Communities LLC*, 539 Fed. Appx. 763, 764 (9th Cir. 2013)).

41. Here, a 25% attorneys fee amount is approximately $1.26 million. Bringing the minimum amount in controversy total to approximately $6.3 million. This total amount in controversy clearly exceeds CAFA's $5,000,000 jurisdictional amount. And $6.3 million is still a conservative estimate because this amount omits potential noneconomic damages under the IFCA.

42. Thus, even assuming the minimum economic damages alleged by Plaintiff for each putative class member, CAFA's $5,000,000 jurisdictional amount in controversy is satisfied. It is more likely than not that each putative class members claim, under Plaintiffs theory and allegations, will be at least $8,400 and it is more likely than not that Plaintiffs' putative classes include at least 600 individuals. And the CAFA jurisdictional amount is further exceeded when adding in Plaintiff's claims for attorney fees.

**The exceptions under CAFA do not apply.**

43. "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Dart Cherokee*, 574 U.S. at 89 (quoting S.Rep. No. 109–14, p. 43 (2005)).

44. However, CAFA specifies one situation where a district court "may" decline to exercise jurisdiction over a class action (the "permissive" exception), and two situations where a district court "shall" decline to exercise such jurisdiction. 28 U.S.C.A. § 1332(d)(3)-(4) (the "local controversy" and "home state" exceptions). None of these exceptions are applicable here.

45. Under 28 U.S.C. § 1332(d)(3), the permissive exception, a district court may decline to exercise jurisdiction over certain class actions "in which greater than one-third but less

than two-thirds of the members of all proposed plaintiff classes . . . are citizens of the State in which the action was originally filed."

46. The permissive exception is inapplicable because over two-thirds of the proposed class are from Washington. *See* Compl. ¶ 37 (defining the classes as "Progressive insureds with Washington policies issued in Washington State").

47. The local controversy and home state exceptions are also not applicable, because each requires a significant defendant to be a citizen of the state in which the action was originally filed (Washington).

48. The local controversy exception requires that "at least 1 defendant is a defendant – (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II).

49. Similarly, the home state exception requires that the "primary defendants" be "citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). *See Dean v. Draughons Junior Coll., Inc.*, No. 3:12-CV-0157, 2012 WL 2357492, at *3 (M.D. Tenn. June 20, 2012) ("Pursuant to the plain language of §§ 1332(d)(3) and (4), both exemptions require that all of the 'primary defendants' and a substantial proportion of the proposed plaintiff class (majority or plurality) be citizens of the state in which the action was filed); *Adams v. Macon Cnty. Greyhound Park, Inc.,* 829 F.Supp.2d 1127, 1138 n. 13 (M.D.Ala.2011) ("The consensus among the courts is that the plural use of 'defendants' means that all primary defendants must be citizens of the state in which the action was originally filed").

50.     Neither exception is applicable here because all of the Defendants are citizens of Ohio, not Washington.

## CONCLUSION

51.     In sum, this Court has jurisdiction under CAFA and removal is proper. There is minimal diversity between the Plaintiffs (Washington) and Defendants (Ohio). There is more than 100 putative class members as alleged by Plaintiff and further supported by Progressive's initial claims data review finding at least 600 potential class members. And it is more likely than not that the total amount in controversy exceeds $5,000,000 because multiplying Plaintiffs' minimum economic damages by a conservative estimate of potential class members results in at least $5,040,000 in controversy ($8,400 x 600). Plaintiffs' demand for attorney fees makes it even clearer that the amount in controversy exceeds the CAFA jurisdictional amount, without even considering the potential noneconomic damages under the IFCA.

## RESERVATION OF RIGHTS

52.     Progressive intends no admission of fact, allegation, claim, liability, or wrongdoing by this Notice of Removal, and Progressive expressly reserves all defenses, motions, and pleas including, without limitation, objections to the sufficiency of Plaintiffs' pleadings and the propriety of class certification.

53.     Progressive further reserves the right to submit additional evidence in support of the Notice of Removal, including as may be necessary to address and refute any contentions set forth in a motion to remand.

WHEREFORE, Progressive respectfully requests that this Court assume full jurisdiction over this action.

NOTICE OF REMOVAL - 11

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

DATED September 27, 2024.

Respectfully submitted,

*/s/ Logan F. Peppin*
Logan F. Peppin, WSBA #55704
**BAKER & HOSTETLER LLP**
999 Third Avenue
Suite 3900
Seattle, WA  98104-4076
Tel:   206.332.1380
FAX:  206.624.7317
E-mail:lpeppin@bakerlaw.com

*Attorney for Defendants*
*Progressive Direct Insurance Company,*
*Progressive Casualty Insurance Company, and*
*Progressive Max Insurance Company*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALEXANDRO (ALEX) KIRIGIN & LAUREN R. KIRIGIN, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, AND PROGRESSIVE MAX INSURANCE COMPANY,<br><br>Defendants. | Civil Action No.:<br><br>**CERTIFICATE OF SERVICE OF NOTICE OF REMOVAL** |

Pursuant to LCR 101, undersigned counsel certifies that the Notice of Removal was served upon all counsel and pro se parties who have appeared in the state court action, including:

| ATTORNEYS FOR PLAINTIFFS | Beth E. Terrell, WSBA #26759<br>Email: bterrell@terrellmarshall.com<br>Blythe H. Chandler, WSBA #43387<br>Email: bchandler@terrellmarshall.com<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103<br>Telephone: (206) 816-6603<br>Facsimile: (206) 319-5450 |
|---|---|

NOTICE OF REMOVAL
CERTIFICATE OF SERVICE - 1

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

DATED September 27, 2024.

Respectfully submitted,

*/s/ Logan F. Peppin*
Logan F. Peppin, WSBA # 55704
**BAKER & HOSTETLER LLP**
999 Third Avenue
Suite 3900
Seattle, WA 98104-4076
Tel:    206.332.1380
FAX:   206.624.7317
E-mail: lpeppin@bakerlaw.com

*Attorney for Defendants*
*Progressive Direct Insurance Company,*
*Progressive Casualty Insurance Company, and*
*Progressive Max Insurance Company*

NOTICE OF REMOVAL
CERTIFICATE OF SERVICE - 2

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380