The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXANDRO (ALEX) KIRIGIN & LAUREN R. KIRIGIN, individually and on behalf of others similarly situated,

　　　　Plaintiffs,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY,

　　　　Defendant.

Case No. 2:24-cv-1545-BJR

**ORDER DENYING MOTION TO COMPEL APPRAISAL AND STAY THE CASE**[1]

## I.　　INTRODUCTION

This proposed class action brings breach-of-contract and Washington Consumer Protection Act claims against Defendant Progressive Direct Insurance Company ("Progressive"). Alexandro ("Alex") Kirigin and Lauren Kirigin (collectively, "Plaintiffs") challenge Progressive's method of determining the actual cash value of lost electric vehicles under certain auto insurance policies.

---

[1] Progressive has also filed a Motion to Partially Quash Third Party Subpoena and/or for a Protective Order (Dkt. No. 31), pending this Court's resolution of the present Motion. In light of this Order, Progressive's Motion to Partially Quash Third Party Subpoena and/or for a Protective Order is DENIED as MOOT.

ORDER DENYING MOTION TO COMPEL APPRAISAL AND STAY THE CASE

- 1

Before the Court is Progressive's Motion to Compel Appraisal and Stay the Case, Dkt. No. 19, which seeks an order compelling Plaintiffs to participate in the appraisal process for their total loss vehicle, as outlined in their Progressive auto insurance policy. Progressive also seeks a stay of the proceedings pending conclusion of that appraisal. Having fully considered the materials and the relevant legal authorities, the Court denies the Motion.

## II.   BACKGROUND

Plaintiffs purchased an auto insurance policy from Progressive for a Nissan Leaf. Compl. ¶ 10, Dkt. No. 1-1. While driving the Nissan Leaf, Alex Kirigin was rear-ended. *Id.* ¶ 16. Following the accident, Plaintiffs submitted a claim to Progressive, which deemed Plaintiffs' vehicle to be a total loss. *Id.* ¶¶ 17-18. Progressive determined that the actual cash value of the total loss vehicle was $4,977.63. *Id.* ¶ 20. Progressive's determination of the actual cash value of Plaintiff's total loss vehicle was based on a Vehicle Valuation Report prepared by third-party vendor Mitchell International, Inc. ("Mitchell"). *Id.* ¶ 21. According to Plaintiffs, to estimate actual cash value for total loss vehicles like that of Plaintiffs, Mitchell starts with the asking or actual sale price of comparable vehicles. *Id.* ¶ 22. Mitchell then adjusts the value based on differences between the vehicles, such as the total mileage or differences in after-market upgraded parts. *Id.*

The Vehicle Valuation Report, which Progressive provided to Plaintiffs, identified five comparable vehicles and their list prices. *Id.* ¶ 28. Plaintiffs allege that those list prices, which Mitchell used as a starting point, reflected an undisclosed 30 percent reduction based on the Used Clean Vehicle Credit. *Id.* ¶ 29. The Used Clean Vehicle Credit is a federal tax credit that provides buyers a credit for 30 percent of the purchase price of a qualified used vehicle—up to a maximum of $4000—when purchased from a registered dealer. *Id.* ¶ 27. To qualify, a buyer's annual income

must fall below specified thresholds. *Id.* Based on their income, Plaintiffs did not qualify for the Used Clean Vehicle Credit when they purchased their Nissan Leaf. *Id.* ¶ 30.

By this proposed class action, Plaintiffs challenge Progressive's right to deduct the value of the Used Clean Vehicle Credit, and how that adjustment is made. Plaintiffs allege that Progressive's practice of calculating the actual cash value of total loss electric vehicles by adjusting for the value of the Used Clean Vehicle Credit violates the Washington Consumer Protection Act. Specifically, Plaintiffs claim that Progressive's actions violate WAC § 284-30-391(4). *Id.* ¶ 55. That regulation provides, among other things, that an insurer must "[b]ase all [settlement] offers on itemized and verifiable dollar amounts . . . using appropriate deductions or additions for options, mileage or condition when determining comparability." WAC § 284-30-391(4)(b). Plaintiffs assert that the adjustment applied to their vehicle for the Used Clean Vehicle Credit was neither itemized nor verifiable, and that the law does not permit adjustments other than those explicitly set out by regulation. Compl. ¶ 55. Plaintiffs also allege that Progressive's actions of reducing settlement offers based on the Used Clean Vehicle Credit adjustment, failing to disclose the adjustment, and applying the adjustment indiscriminately regardless of whether the insured qualifies for the credit, is an unfair business practice under RCW § 19.86.010. *Id.* ¶¶ 65-71.

### III. DISCUSSION

Progressive's current Motion seeks to compel appraisal and stay proceedings on the merits of Plaintiffs' claims, pending an appraisal of Plaintiffs' vehicle. The Motion relies on an appraisal provision in the subject auto insurance policy, which provides: "If we cannot agree with you on the amount of a loss, then we or you may demand an appraisal of the loss." Def.'s Mot. at 5. The provision further outlines the process by which the insurer and insured would select appraisers, and in the event of conflicting appraisals, resolve any disputes between them by resorting to an umpire.

ORDER DENYING MOTION TO COMPEL APPRAISAL AND STAY THE CASE

- 3

*Id.* The provision further states that "[t]he amount of loss agreed to by both appraisers, or by one appraiser and the umpire, will be binding." *Id.*

Progressive argues that Plaintiffs' challenge to the value of their total loss vehicle raises a dispute about "amount of loss," which falls squarely within the scope of the subject insurance policy's appraisal provision. *Id.* at 7-9. Plaintiffs reject Progressive's characterization of their Complaint as a disagreement about "amount of loss." Pls.' Resp. at 5-6, Dkt. No. 24. Plaintiffs assert that their dispute is about whether Progressive acted unlawfully by including the Used Clean Vehicle Credit adjustment. *Id.* Plaintiffs also contend that their dispute raises a legal question, and therefore, their claims fall outside of the appraisal provision. *Id.* at 6-9.

This Court's decision in *Stanikzy*—cited by both Plaintiffs and Progressive—is instructive here. *Stanikzy v. Progressive Direct Ins. Co.*, No. 2:20-CV-118, 2020 WL 2800711, at *2 (W.D. Wash. May 29, 2020). As in this case, the plaintiff in *Stanikzy* challenged the method Progressive relied on in determining the actual cash value of a total loss vehicle. *Id.* at *1-2. Specifically, Stanikzy challenged Progressive's practice of adjusting values of comparable vehicles based on a "projected sold adjustment," a downward adjustment to the list price expected in a typical negotiated sale. *Id.* at *1. Progressive filed a motion to compel appraisal, which raised largely the same arguments as the present Motion. *Id.* In denying the motion to compel appraisal, this Court concluded that the gravamen of the lawsuit was whether Progressive could legally make the challenged adjustment at all, and therefore, appraisal would not obviate Stanikzy's claims. *Id.* at *2-3.

Progressive attempts to distinguish this case from *Stanikzy* by arguing that the purported adjustment at issue is included as part of the list prices of comparable vehicles, rather than an after-the-fact adjustment taken by Mitchell or Progressive. Def.'s Mot. at 8-9. The Court is

ORDER DENYING MOTION TO COMPEL APPRAISAL AND STAY THE CASE

- 4

unpersuaded. Progressive does not dispute that it knowingly relied on list prices of comparable vehicles that had been reduced by the value of the Used Clean Vehicle Credit in determining the actual cash value of Plaintiffs' total loss vehicle. For purposes of this Motion, whether that adjustment was incorporated into the list price of the comparator vehicles or taken after the fact by Mitchell or Progressive is a distinction without a difference. Here, as in *Stanikzy*, "there is no claim that an appraiser would—or even could—choose not to take a [Used Clean Vehicle Credit] deduction." *Stanikzy*, 2020 WL 2800711, at *2. Accordingly, appraisal in this case would likewise not obviate Plaintiffs' claims and would be an "empty exercise." *Id.*

### IV.    CONCLUSION

For the foregoing reasons, Progressive's Motion to Compel Appraisal and Stay the Case (Dkt. No. 19) is DENIED.

DATED this 20th day of March 2025.

*[signature]*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING MOTION TO COMPEL APPRAISAL AND STAY THE CASE

- 5